*Hewitt* for appellant: *Owsley & Goodloe* for appellees.

---

## Green vs Botts.

### ERROR TO THE FLEMING CIRCUIT.

*Fraudulent gifts.*

JUDGE EWING delivered the opinion of the Court.

THIS is an action of replevin brought by Green against the Sheriff, for levying on Flora and her two children, as the property of Bruin, the son-in-law of Green. If Green *gave* the slave Flora to his daughter, or her husband,

Bruin, in that case, she and her increase were liable to be levied on and sold in satisfaction of Bruin's debts, no matter how short a time they remained in his possession. But if Flora was loaned or hired only by Green to Bruin or his wife, or otherwise placed in their possession, with a reservation of title and right to take them back by Green, at his will and pleasure, then no less than a *continued* possession for five years in Bruin, or those claiming under him, is made fraudulent by the statute, so as to subject them to the payment of Bruin's debts. A temporary change or interruption of the possession, privately made and for a short period, and under a dubious claim of property or ownership by the loaner, would not be deemed such an interruption of the possession as would prevent the operation of the statute or save the property from the claims of creditors. But a change of possession from Bruin to Green, whether by the consent of the former or not, before the expiration of the five years, and a public continuance of possession, by the latter, for months, under the exercise of ownership in the property, as appeared in evidence in this case, was such an interruption to the *continued* possession as would save the slaves from the denunciation of the statute, or from being subjected to Bruin's debts, unless they remained continually in the possession of Bruin, for five years next after they were permitted to return to his possession. The opinions expressed by the Circuit Court in withholding and giving instructions, being inconsistent with these views, and misleading to the jury, the judgment is reversed and cause remanded, that a new trial may be granted without costs.

*Cavan & Cox* for plaintiff: *Payne & Waller* for defendant.

are loaned, unless possession be held for five years uninterruptedly.—But

"A temporary change of possession, privately and for a short period, and under a dubious claim of ownership by the lender, would not be such a change of the possession as to prevent the operation of the statute."—Tho' a possession taken by the lender and publicly held, whether by consent of the loanee or not, for months, will prevent the operation of the statute.